UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR R. VALENCIA, ) | Case No. EDCV-06-256 JC |
| Plaintiff, ) ) | |
| v. ) ) | MEMORANDUM OPINION AND ORDER OF REMAND |
| MICHAEL J. ASTRUE,[1] ) COMMISSIONER OF SOCIAL ) SECURITY, ) ) | |
| Defendant. ) | |

**I.    SUMMARY**

On March 8, 2006, plaintiff Hector R. Valencia ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. This matter is before the court on the parties' cross-motions for summary judgment.[2]

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand. The decision of

---

[1] Michael J. Astrue is substituted as Commissioner of Social Security pursuant to Fed. R. Civ. P. 25(d)(1).

[2] Plaintiff filed a motion for summary judgment on June 16, 2006. Defendant filed an amended cross-motion for summary judgment on July 14, 2006.

1

the Administrative law Judge ("ALJ") that plaintiff could perform his past relevant work is not supported by substantial evidence.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On February 3, 2003, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 15, 47). Plaintiff asserted that he became disabled on May 31, 2002, due to: spinal stenosis, high blood pressure, diabetes, chronic kidney stones, and low vision. (AR 15, 47, 120). The ALJ examined the medical record and heard testimony from plaintiff and plaintiff's wife on November 4, 2004. (AR 15, 18, 239-62).

On November 10, 2005, the ALJ issued an unfavorable decision denying benefits based upon the ALJ's conclusion that plaintiff was not disabled at any time through the date of the decision. (AR 15-19). The ALJ found, inter alia: (1) plaintiff suffered from the following severe impairments: obesity, diabetes mellitus, and degenerative disc disease of the lumbar spine (AR 16, 18); (2) plaintiff's impairments or combination of impairments did not meet or medically equal one of the listed impairments (AR 18); (3) plaintiff retained the residual functional capacity to perform light work[3] (AR 18, 19); (4) plaintiff could perform his past relevant work as an employment agency staffer as actually performed by plaintiff and as performed in the national economy[4] (AR 18, 19); and (5) plaintiff's testimony regarding the severity and functional consequences of his symptoms was not fully credible. (AR 18). The ALJ noted, with respect to

---

[3]Specifically, the ALJ found that plaintiff could (i) lift/carry twenty pounds occasionally and ten pounds frequently; (ii) stand and/or walk for six hours with breaks during an eight hour workday; and (iii) sit continuously with breaks every two hours for six hours in an eight hour workday. (AR 18, 19).

[4]Although the ALJ also stated that plaintiff could return to his past relevant work as a meat cutter, this appears to be a clerical error as the ALJ adopted plaintiff's treating physician's opinion that plaintiff could not perform such work. (AR 18, 19). Plaintiff has not challenged the ALJ's decision based upon this error.

plaintiff's wife, that she "testified that it is difficult now, because [plaintiff] has always been the breadwinner in the family. He takes medications four times a day." (AR 17).

The Appeals Council denied plaintiff's request for review of the ALJ's decision. (AR 8-10).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

|   |   |   |
|---|---|---|
| (4) | | Does the claimant possess the residual functional capacity ("RFC") to perform his past relevant work?[5] If so, the claimant is not disabled. If not, proceed to step five. |
| (5) | | Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ has special duty to fully and fairly develop record and to assure that claimant's interests are considered). The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54 (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show, at step five, that the claimant can perform some other work that exists in "significant numbers" in the national economy (whether in the region where such individual lives or in several regions of the country), taking into account the claimant's residual functional capacity,

---

[5]Residual functional capacity is "what [one] can still do despite [ones] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. §§ 404.1545(a), 416.945(a). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment. Robbins v. Social Security, 466 F.3d 880, 883 (9th Cir. 2006) (citations omitted).

age, education, and work experience.  Tackett, 180 F.3d at 1100 (citing 20 C.F.R § 404.1560(b)(3)); 42 U.S.C. § 423(d)(2)(A).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

### A. The ALJ's Determination that Plaintiff Could Perform His Past Job Is Not Supported by Adequate Findings or Substantial Evidence

Plaintiff argues that the ALJ's alleged failure to provide specific findings and analysis regarding the physical and mental demands of plaintiff's prior job as an employment agency staffer warrant remand.  Defendant essentially responds that the record supports the ALJ's determination that plaintiff could perform his past relevant work and that any error is harmless.

The Administration may deny benefits when the claimant can perform the claimant's past relevant work either as "actually performed," or as "generally" performed. Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001). Although the claimant has the burden of proving an inability to perform his past relevant work, "the ALJ still has a duty to make the requisite factual findings to support his conclusion." Id. at 844. "To determine whether a claimant has the residual capacity to perform his past relevant work, the [Administration] must ascertain the demands of the claimant's former work and then compare the demands with his present capacity." Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986). In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain the following specific findings of fact: (1) a finding of fact as to the individual's residual functional capacity; (2) a finding of fact as to the physical and mental demands of the past job/occupation; and (3) a finding of fact that the individual's residual functional capacity would permit a return to his past job or occupation. SSR 82-62; See Dealmeida v. Bowen, 699 F. Supp. 806, 807 (N.D. Cal. 1988). In making these findings, the ALJ must conduct a searching inquiry and analysis. The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit. Reasonable inferences may be drawn, but presumptions, speculations and suppositions must not be used. SSR 82-62.

Here, as detailed above, the ALJ made specific findings of fact as to plaintiff's residual functional capacity and a somewhat conclusory finding that plaintiff's residual functional capacity would permit a return to his past job. The ALJ further made a finding as to the physical demands of plaintiff's prior job, as

performed by plaintiff and as performed in the national economy according to the Dictionary of Occupational Titles ("DOT") at 205.367-062 – namely that the job was at the sedentary exertional level. See Pinto, 249 F.3d at 845 ("[T]he best source for how a job is performed is usually the Dictionary of Occupational Titles."). The ALJ did not, however, make any findings regarding the mental demands of this job as required. Although the ALJ did not find that plaintiff suffered from mental impairments, this does not necessarily mean that plaintiff could meet the current mental demands of his prior job. Plaintiff has a high school education. (AR 16). The DOT reflects that the job of employment agency staffer requires level 3 reasoning and level 3 math ability, including knowledge of algebra and geometry. Plaintiff and his wife both essentially testified that plaintiff could no longer perform the job because it required knowledge of computers which plaintiff did not possess. (AR 250, 257). While it may be the case that plaintiff can meet the mental skill demands of his prior job either as he actually performed it or as it is generally performed, in the absence of specific findings by the ALJ regarding the mental demands of this prior job, the court cannot make such an assessment on this record.[6]

As the ALJ's determination that plaintiff could perform his past job is not supported by the requisite finding regarding the mental demands of his prior job, and as the court cannot find that this error is harmless, remand is appropriate.[7]

---

[6] On remand, the ALJ should also clarify whether he accepts or rejects plaintiff's wife's testimony regarding plaintiff's specific job duties as an employment agency staffer unless the ALJ determines that plaintiff can return to his past relevant work solely as the job is generally performed in the national economy. If the ALJ rejects such testimony, he should give germane reasons for doing so. However, this court need not, and has not adjudicated plaintiff's challenge to the ALJ's consideration of plaintiff's wife's testimony, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[7] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."
(continued...)

## V. CONCLUSION

For the foregoing reason, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Memorandum of Opinion and Order of Remand.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  August 13, 2007

                                                        /s/

                                       Honorable Jacqueline Chooljian
                                       UNITED STATES MAGISTRATE JUDGE

---

[7](...continued)
Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).